IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **KELLY HUNTER, an individual,**<br><br>                              **Plaintiff,**<br><br>    v.<br><br>**COSTCO WHOLESALE CORPORATION,**<br>**a Washington corporation,**<br><br>                              **Defendant.** | **Case No. 21-cv-2175**<br><br>**REMOVED FROM THE DISTRICT COURT FOR THE COUNTY OF JOHNSON, CASE NO. 21CV00985** |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant, Costco Wholesale Corporation ("Costco" or "Defendant"), through its attorneys, pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441, and 1446, hereby files this Notice of Removal with respect to the above captioned case, which was filed and currently is pending in the District Court for the County of Johnson, Kansas, Case No. 21CV00985. In support of its Notice of Removal, Defendant states as follows:

### BACKGROUND

1. On or about March 8, 2021, Plaintiff Kelly Hunter ("Plaintiff") filed her Complaint in the District Court for the County of Johnson, Kansas, Case No. 21CV00985 ("State Court Case"). (Exhibit A.)

2. Defendant received service on March 16, 2021. (Exhibit B.)

3. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the Summons, Complaint, and all other pleadings, orders, papers or exhibits now on file with the District Court for the County of Johnson, Kansas, are attached as Exhibit A and Exhibit B.

4.       In her Complaint, Plaintiff states that she brings this action against Defendant for discrimination, retaliation, and other unlawful conduct related to her employment pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq. ("Title VII"), the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101 *et seq*. ("ADA"), the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621 *et seq*. ("ADEA"), and Kansas common law.  (Ex. A, Compl. ¶ 1; *see also* Counts I - V.)  Plaintiff further alleges damages in excess of $75,000.  (Exhibit A, Compl. ¶ 21.)

## FEDERAL QUESTION AND SUPPLEMENTAL JURISDICTION

5.       Pursuant to 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Moreover, under 29 U.S.C. § 1367, "…in any civil action which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

**I.       Federal Question Jurisdiction Exists In This Case.**

6.       Since Plaintiff's Complaint includes claims derived from three separate federal statutes (Title VII, ADA, and ADEA), this Court has federal question (i.e. original) jurisdiction over these claims pursuant to § 1331.  Plaintiff's Complaint, although filed in state court, concedes this explicitly.  (Ex. A, Compl. ¶ 17.)

**II.      Supplement Jurisdiction Exists In This Case.**

7.        Further, this Court has supplemental jurisdiction over Plaintiff's Kansas common law retaliatory discharge claim because such claim is so related to the other claims within the Court's original jurisdiction that the claims for part of the same case or controversy under Article

III of the United States Constitution, as required by § 1367.  Indeed, while Plaintiff filed a complaint in state court, she similarly concedes that this Court has supplemental jurisdiction over her Kansas common law retaliatory discharge claim.  (Ex. A, Compl. ¶ 18.)

### DIVERSITY JURISDICTION

8. Pursuant to 28 U.S.C. § 1332(a), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between-- (1) citizens of different States;..."  In determining the citizenship of a corporation, § 1332(c) states, "…a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."

**I.    Diversity of Citizenship Exists Among the Parties.**

9. Plaintiff is a resident and citizen of the State of Missouri.  (Ex. A, Compl. ¶ 8).

10. Defendant is a citizen of the State of Washington.  Defendant is incorporated in the State of Washington with its principal place of business at 999 Lake Drive, Issaquah, WA -98027.  (Exhibit C; *see also* Ex. A, Compl. ¶ 10.)  Therefore, pursuant to 28 U.S.C. § 1332(c)(1), Defendant is a citizen of the State of Washington and is not a citizen of the same state as Plaintiff.

**II.    The Amount in Controversy Exceeds $75,000.**

11. Plaintiff's Complaint alleges that Plaintiff "seeks recovery in excess of $75,000 for pecuniary and nonpecuniary damages, including lost wages and benefits, out of pocket expenses, interest, mental and emotional distress, and reasonable attorney fees. (Exhibit A, Compl. ¶ 21.)

## CONCLUSION

12. Based on the foregoing, this Court has federal question, supplemental, and diversity jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1367, and 1332; therefore, the Court properly may exercise jurisdiction over this lawsuit. 28 U.S.C. § 1441(a).

13. Removal is appropriate "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Venue is proper in this District of Kansas because this District and Division embrace the District Court for the County of Johnson, Kansas, the place where the removed action has been pending. 28 U.S.C. § 1441(a); 28 U.S.C. § 93(a)(1).

14. This Notice of Removal is being filed within 30 days of when Defendant received service of Plaintiff's Complaint. (Exhibit B.) Accordingly, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(c)(3)(A) and 28 U.S.C. § 1446(b)(3).

15. Promptly upon the filing of this Notice of Removal, Defendant will file a Notice of Filing of Notice of Removal, with a copy of this Notice of Removal, with the District Court for the County of Johnson, Kansas, and will serve a copy thereof on Plaintiff through her counsel, pursuant to 28 U.S.C. § 1446(d). A copy of this notice is attached hereto as Exhibit D.

16. In the event that Plaintiff seeks to remand this case to state court, Defendant respectfully asks that it be permitted to brief and argue the issue of remand prior to any order remanding this case.

17. Defendant submits this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff, without conceding that Plaintiff has pleaded claims upon which relief can be granted, and without admitting that Plaintiff is entitled to any monetary or equitable relief whatsoever (or that the damages Plaintiff seeks may be properly sought).

69322986v.2

18.     The undersigned has read this Notice of Removal, and to the best of the undersigned's knowledge, information, and belief, formed after reasonable inquiry, certifies that Defendant's factual allegations have evidentiary support and its legal contentions are warranted by existing law.  The undersigned also certifies that this Notice of Removal is not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation.

WHEREFORE, Defendant Costco Wholesale Corporation respectfully removes this case to this Court and respectfully requests that further proceedings in Case No. 21CV00985 in the District Court of Johnson County, Kansas be discontinued.  Defendant also requests all other relief, at law or in equity, to which it justly is entitled.

**DATED:  April 15, 2021**               Respectfully submitted,

                                          COSTCO WHOLESALE CORPORATION

                                          By */s/ Larry M. Schumaker*
                                             One of Its Attorneys

Larry M. Schumaker (D. Kan. #70450)
lms@schumakercenter.com
SCHUMAKER CENTER FOR EMPLOYMENT LAW, P.C.
10401 Holmes Road, Suite 480
Kansas City, Missouri 64131
Telephone: (816) 941-9994
Facsimile: (816) 941-8244

Erin D. Foley (*pro hac vice application to be submitted*)
edfoley@seyfarth.com
Ryan L. Young (*pro hac vice application to be submitted*)
ryoung@seyfarth.com
SEYFARTH SHAW LLP
233 South Wacker Drive, Suite 8000
Chicago, Illinois 60606
Telephone: (312) 460-5000
Facsimile:  (312) 460-7000

## CERTIFICATE OF SERVICE

I do hereby certify that on April 15, 2021, I caused the foregoing to be filed using the Court's CM/ECF method and, in addition, caused all counsel of record to be served via email:

Gerald Gray II
G. Gray Law, LLC
104 W. 9th Street, Suite 401
Kansas City, MO 64105
ggraylaw@outlook.com
*Counsel for Plaintiff*

By */s/ Larry M. Schumaker*
Attorney for Defendant

69322986v.2