21EF051749

IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
CIVIL COURT DEPARTMENT

KELLY HUNTER
                Plaintiff               Case No: 21CV00985
vs                                                     Division: 4
                                                          K.S.A. Chapter 60
COSTCO WHOLESALE CORPORATION
                Defendant

REQUEST AND SERVICE INSTRUCTION FORM

To: Clerk of the District Court:

Please issue a SUMMONS and PETITION in this action for COSTCO WHOLESALE CORPORATION whose address for service is:

    112 SW 7TH STREET, SUITE 3C
    TOPEKA, KS 66603

Service through the Sheriff of SHAWNEE County, State of KANSAS

                                      By: /s/ GERALD GRAY
                                      GERALD GRAY, #26749
                                      2300 MAIN ST, STE 900
                                      KANSAS CITY, MO 64108
                                      816-309-5208

IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
CIVIL COURT DEPARTMENT

KELLY HUNTER
       Plaintiff         Case No: 21CV00985
vs                    Division: 4
                        K.S.A. Chapter 60
COSTCO WHOLESALE CORPORATION
       Defendant

## SUMMONS

To the above-named defendant:

  YOU ARE HEREBY NOTIFIED that an action has been commenced against you in this court. You are required to file your answer to the petition with the court and to serve a copy upon the plaintiff's attorney, as follows:

      Name: GERALD GRAY
      Address: 2300 MAIN ST, STE 900
          KANSAS CITY, MO 64108
      Phone: (816) 309-5208

Within 21 days after service of summons upon you.

  If you fail to do so, judgment by default will be taken against you for the relief demanded in the attached petition, which is incorporated herein by reference. Any related claim which you may have against the plaintiff must be stated as a counterclaim in your answer, or you will thereafter be barred from making such claim in any other action.



                     /s/ Jennie Leach
                     Clerk of the District Court

Dated: March 9, 2021

21CV00985
Div4

## IN THE CIRCUIT COURT OF JOHNSON COUNTY, KANSAS

| | |
|---|---|
| KELLY M. HUNTER ) <br> 23105 S. Cleveland Avenue ) <br> Peculiar, Missouri 64078 ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> COSTCO WHOLESALE CORPORATION ) <br> 999 Lake Drive ) <br> Issaquah, WA 98027 ) <br> Serve at: ) <br> The Corporation Company ) <br> 112 SW 7th Street, Suite 3C ) <br> Topeka, Kansas 66603 ) <br> ) <br> Defendant. ) | Case No. <br><br> JURY TRIAL DEMANDED |

### PETITION FOR DAMAGES

COMES NOW, Plaintiff, KELLY M. HUNTER (herein after "Mrs. Hunter or Plaintiff") and for her cause of action against COSTCO WHOLESALE CORPORATION ("Costco or Defendant") on claims of unlawful harassment, discrimination and retaliation. Plaintiff seeks compensatory and punitive damages against Defendants and states as follows:

### NATURE OF THE ACTION AND SUMMARY OF ALLEGATIONS

1.  Plaintiff brings this action against Defendant for discriminatory, retaliatory, and other unlawful conduct in employment pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e *et seq.*, the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101 *et seq.* ("ADA"); the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621 *et seq.* ("ADEA"); and violation of Kansas common law as result of Defendants: a) unlawful denial of Mrs. Hunter's employment opportunities based on her sex, age,

*Clerk of the District Court, Johnson County Kansas*
*03/08/21  10:43pm HS*

and disability; b) retaliation for reporting wrongful conduct; and c) engaging in other related lawful acts, conduct, and practices. Mrs. Hunter also brings claims for retaliatory discharge.

2. The acts, conduct, and practices which form the basis for this action have resulted in Defendant discriminating against Mrs. Hunter on the basis of her sex, age and disability with respect to the terms, conditions, and privileges of her employment, and the procedure or manner in which Defendant have evaluated Mrs. Hunter's qualifications for continued employment opportunities has resulted in prohibited sex, age and disability discrimination as well as retaliation. Mrs. Hunter was also subjected to a hostile work environment and disparate treatment.

3. The related acts, conduct, and practices of Defendants are a violation of §1981, Title VII, ADA, ADEA and Kansas common law.

4. The unlawful conduct of Defendant, which deprived Mrs. Hunter of her employment and directly resulted in the significant loss of financial compensation and other benefits which he would have earned and been entitled to but for the discrimination and retaliation alleged in this complaint.

5. Defendant's decision to terminate Mrs. Hunter's employment was pretext for unlawful discrimination and retaliation.

6. In violation of Title VII, ADA, ADEA and Kansas common law, Defendant has repeatedly and continuously discriminated and retaliated against Mrs. Hunter for engaging in protected activity, such as but not limited to, her reporting discriminatory conduct as well as noncompliant conditions of the facility.

7. Defendants actions also are in violation of Kansas common law prohibiting discharge or discrimination against any employee.

## PARTIES, JURISDICTION & VENUE

8.  Kelly Hunter resides at 23105 S. Cleveland Avenue, Peculiar, Cass County, Missouri. She is a 44-year-old female who has a medical condition that qualifies as a disability under the ADA.

9.  Mrs. Hunter was employed at Costco. Managers and employees discriminated against Mrs. Hunter based on her sex, age, and disability. She was also retaliated against for complaining and reporting sex, age, and disability discrimination in the workplace; as well as other violations of Costco policy and the law.

10. Costco is an international whose headquarters are located at 999 Lake Drive, Issaquah, King County, Washington 98027 with locations in Johnson County, Kansas and is an employer within the meaning of

11. At all times relevant hereto, Costco was Mrs. Hunter's employer and he was a full-time employee.

12. Costco is an entity which acts through agents. It is liable for the conduct of its agents acting within the course and scope of their agency; its own negligence or unlawful conduct; the acts of its agents which it knowingly ratifies; injuries incurred by agents' performance of its non-delegable duties; acts done by agents for which the agency relationship allows or assists the agent to perform; and acts its' agents take by virtue of their position with the City.

13. At all times during Plaintiff's employment with Costco, they were an "employer" as defined by Title VII, ADA, and the ADEA, specifically 42 U.S.C. § 2000e, 29 U.S.C. § 630(b), because Costco was engaged in an industry affecting commerce and had twenty or more employees for each working day in at least twenty or more calendar weeks in every year of Plaintiff's employment with Costco.

14. At all times during Plaintiff's employment with COSTCO, they were an "employer" as defined by the KAAD, specifically K.S.A. § 44-1112(d), because COSTCO employed four or more persons in Kansas at all times during Plaintiff's employment.

15. At all times during Plaintiff's employment with COSTCO, COSTCO was Plaintiff's employer for purposes of the common law of Kansas, and federal law because it controlled all aspects of her employment with COSTCO.

16. COSTCO treated Plaintiff as an employee as it related to taxes, unemployment, workers' compensation, and compensation.

17. This Court has jurisdiction over the claims set out in this complaint under 28 U.S.C. §1331 because Plaintiff's claims arise under federal law.

18. This Court has supplemental jurisdiction under 28 U.S.C. §1367 over Plaintiff's Kansas law claims because such claims form part of the same case or controversy under Article III of the United States Constitution in that Plaintiff's federal and state law claims derive from a common nucleus of operative facts and they would ordinarily be expected to be tried in one judicial proceeding.

19. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

20. COSTCO is subject to personal jurisdiction in Kansas because COSTCO's conducts substantial and ongoing business in Kansas, and as alleged herein, committed unlawful discriminatory acts and tortious conduct in Kansas.

21. Mrs. Hunter seeks recovery in excess of $75,000.00 for pecuniary and nonpecuniary damages, including lost wages and benefits, out of pocket expenses, interest, mental and emotional distress, and reasonable attorney's fees.

22. Plaintiff filed a charge of discrimination against COSTCO with the Equal Employment Opportunity Commission ("EEOC") on December 1, 2019 regarding claims of sex, age, and disability discrimination as well as retaliation and other unlawful acts, conduct, and practices set forth within those charges and arising out of and related to that therein are to be incorporated and included with this Complaint.

23. The EEOC mailed Plaintiff notice of her Right to Sue with respect to said charge on December 7, 2020; this action is brought within 90 days of Plaintiff's receipt of said Notice of Right to Sue. (A copy of the right to sue letter is attached as Exhibit A).

24. Plaintiff has exhausted all her administrative remedies with the EEOC.

25. Plaintiff has fully complied with any and all prerequisites to jurisdiction in this Court under Section Title VII, the ADA, the ADEA, and related law.

## GENERAL ALLEGATIONS

26. Costco, through its agents, has exhibited a constant history of discriminatory and hostile behavior towards Mrs. Hunter dating back to August 2018.

27. Mrs. Hunter applied for a position with Costco prior to being hired but was denied employment because she disclosed a disability she suffered from during her interview.

28. Mrs. Hunter begin her employment with Costco on or about March 13, 2019.

29. She has worked in several departments in various roles different roles during her time employed at Costco.

30. Mrs. Hunter had a strong performance record during her tenure with Costco before the events that give rise to this action occurred.

31. Sometime in March 2019, Mrs. Hunter again disclosed her disability to management.

32. After disclosing her disability and requesting an accommodation Costco started treating Mrs. Hunter adversely, questioned her ability to perform her job duties and began nitpicking her work.

33. On or about June 11, 2019, Plaintiff became a permanent employee at Costco.

34. On or about June 14, 2019 Plaintiff provided Costco management with a doctor's note detailing medical restrictions.

35. In July 2019, Plaintiff took a leave of absence due to her medical condition after Costco refused to accommodate her request.

36. Plaintiff was not permitted to wear a medical bracelet because it was deemed jewelry.

37. Sometime in August 2019, Plaintiff was able to get her doctor to remove the restrictions allowing her to return to work.

38. However, Plaintiff was advised by management that they would not approve her accommodation request for working hours as such accommodations were only for college students but they would wait and see what the doctor said.

39. After Plaintiff provided Costco with a new list of medical restrictions in August 2019, Mrs. Hunter was told by management to go home and not allowed to return to work.

40. Mrs. Hunter has made several complaints about various issues with management and non-management level employees with no resolution.

41. Mr. Hunter complained to management about the harassment she was receiving.

42. Mrs. Hunter disclosed her disability to management and sought several accommodations that were arbitrarily denied by Costco.

43. After not being allowed to return to work for an extended period of time due to her medical restrictions, Mrs. Hunter was told by management to return to her doctor and get a doctor's note removing all the restrictions before she would be allowed to return to work.

44. Mrs. Hunter was able to get a doctor's note with no restrictions and was permitted to work a few days in October 2019 but was removed from the schedule and not allowed to return after new restrictions were added by her physician.

45. Mrs. Hunter reasonably believes that her disability was disclosed by management to other employees, including Mrs. Hunter's coworkers in her department.

46. Plaintiff has not been allowed to work at Costco since November 2019 and has been on an involuntary leave of absence since that date because Costco will not allow her to work with the medical restrictions and accommodations, she has requested despite her ability to perform her job. Such treatment amounts to a constructive discharge of Plaintiff's employment with Costco.

## COUNT 1 –
### Prohibited Discrimination (in Violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. 2000e *et seq.*)

47. Mrs. Hunter reasserts and re-alleges the allegations set forth in each and every preceding paragraph as if fully set forth herein.

48. The acts described above constitute race discrimination and harassment in violation of Title VII.

49. Mrs. Hunter is a member of a protected class by reason of her sex being female.

50. Mrs. Hunter was subjected to sex discrimination and harassment by Defendants in the following ways including, but not limited to: subjecting Mrs. Hunter to hostile and unfair treatment as the result of the countless times management acted in a harassing, disrespectful and

discriminatory manner. Mrs. Hunter's sex was a motivating factor in the above-described discrimination and harassment.

51.   The conduct cited above was so severe and pervasive that it affected the terms, conditions and privileges of Mrs. Hunter's employment. Mrs. Hunter and any reasonable person in her position would reasonably view it as such.

52.   The conduct cited above was adverse and damaging and caused Mrs. Hunter great emotional upset. She is frequently stressed out, loses sleep, cannot focus, and is constantly fearful of what else might happen to her. He now sees a therapist to help her cope with the treatment he endured while employed by Defendants.

53.   The actions and conduct of the Defendants set forth herein were outrageous and showed an evil motive or reckless indifference or conscious disregard for the rights of Mrs. Hunter, and therefore he is entitled to punitive damages from Defendants, to punish Defendants and to deter Defendants and others from like conduct.

WHEREFORE, Plaintiff, Mrs. Hunter prays for joint and several judgment against all Defendants on Count I of her Petition, for a finding that he has been subjected to unlawful race discrimination and harassment prohibited by the MHRA; for an award of back pay, including lost bonuses, promotion opportunities and other benefits, including interest; for an award of compensatory and punitive damages; for her costs expended; for her reasonable attorneys' and expert fees and expenses, and for such other and further relief the Court deems just and proper.

## COUNT II-
**Prohibited Discrimination (in Violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), as Amended, 29 U.S.C. 621 et seq.)**

COMES NOW, the Plaintiff, and for Count II of her cause of action for discrimination pursuant to 29 U.S.C. §§ 621 *et seq.* ("ADEA") states:

54. Plaintiff hereby restates and incorporates by reference, repeats and re-alleges each and every allegation contained herein every other paragraph of this complaint as if fully set forth herein this Paragraph.

55. Plaintiff was 42-years old at the time she was terminated by Defendant.

56. Plaintiff was mistreated, targeted and not allowed to work by Defendant because of her age.

57. Defendant violated the ADEA by constructively discharging and treating Plaintiff in the other manners described herein because of her age.

WHEREFORE, Plaintiff prays for the Court to find that Defendant has violated 29 U.S.C. 621 *et seq.* and therefore, Plaintiff is entitled to recovery for pecuniary and nonpecuniary damages, including lost wages and benefits, out of pocket expenses, interest, mental and emotional distress, and reasonable attorney's fees; and that this Court makes such other orders as it may deem just and proper in the circumstances.

## COUNT III-
### Prohibited Discrimination (in Violation of the Americans with Disabilities Act of 1990 ("ADA"), as Amended, 42 U.S.C. 12101 et seq.)

COMES NOW, the Plaintiff, and for Count III of her cause of action for discrimination pursuant to 42 U.S.C. 12101 et seq. states:

58. Plaintiff hereby restates and incorporates by reference, repeats and re-alleges each and every allegation contained herein every other paragraph of this complaint as if fully set forth herein this Paragraph.

59. Mrs. Hunter is a disabled person as defined by the ADA.

60. Mrs. Hunter is and was qualified, with or without reasonable accommodation, to perform the essential functions of her job title when she was employed by Costco.

61. The ADA imposes on employers an absolute duty to determine whether or not they can accommodate an employee's disability. Absent that consideration, the law has been violated.

62. Moreover, after engaging in the required interactive process, the employer can only deny a request: 1) if it imposes an undue hardship; or 2) if the employee cannot perform the essential functions of the job with or without the accommodation. Costco has not demonstrated nor made an effort to prove that either of these is reasons is why they chose to terminate Mrs. Hunter's employment.

63. The ADA does not permit an employer to refuse to consider an employee's disability or to provide an accommodation for such simply because the employee performs the essential functions of the job at issue without an accommodation.

64. COSTCO discriminated against Mrs. Hunter because of her disability.

65. As a result of the unlawful acts and conduct of Defendant, as described in part herein, Plaintiff has suffered pecuniary and non-pecuniary damages, including lost wages and benefits, out of pocket expenses, interest, mental and emotional distress, and reasonable attorney's fees, (the exact amount of which will be determined at trial).

WHEREFORE, Plaintiff prays for the Court to find that Defendant has violated 42 U.S.C. 12101 *et seq.* and therefore, Plaintiff is entitled to recovery for pecuniary and nonpecuniary damages, including lost wages and benefits, out of pocket expenses, interest, mental and emotional distress, and reasonable attorney's fees; and that this Court makes such other orders as it may deem just and proper in the circumstances.

## COUNT IV-
**Prohibited Retaliation 42 U.S.C. Title VII, as amended 42 U.S.C. 2000e *et seq.*, in violation of ADA, 42 U.S.C. 12101 *et seq.*, and in violation of ADEA 29 U.S.C. §§ 621 *et seq.***

COMES NOW, the Plaintiff, and for Count IV of her cause of action for Retaliation pursuant to 42 U.S.C. Title VII, as amended 42 U.S.C. 2000e *et seq.*, in violation of ADA, 42 U.S.C. 12101 *et seq.*, and in violation of ADEA 29 U.S.C. §§ 621 *et seq.* states:

66. Plaintiff hereby restates and incorporates by reference, every other paragraph set forth in this Complaint as if fully set forth herein.

67. Mrs. Hunter engaged in protected activity by reporting discrimination and other issues within Costco.

68. Plaintiff raised a complaint of sex, age and disability discrimination and other unlawful conduct with Defendant.

69. Defendant retaliated against Plaintiff by ignoring her complaints of discrimination and finalizing and/or ratifying the constructive discharge of her employment and denying her other opportunities for employment.

70. Plaintiff's protected activity in opposing discrimination was a motivating factor in Defendant's retaliation.

71. Defendant then opposed Plaintiff's request for employment benefits as a further act of retaliation.

72. Mrs. Hunter has suffered an adverse employment action as a consequence of her engaging in protected activity.

73. There is a direct causal connection between Mrs. Hunter' protected activity and the adverse employment action.

WHEREFORE, Plaintiff prays for the Court to find that Defendants have violated 42 U.S.C. Title VII, as amended 42 U.S.C. 2000e *et seq.*, in violation of ADA, 42 U.S.C. 12101 *et seq.*, and in violation of ADEA 29 U.S.C. §§ 621 *et seq.* and therefore, Plaintiff is entitled to

recovery for pecuniary and nonpecuniary damages, including lost wages and benefits, out of pocket expenses, interest, mental and emotional distress, and reasonable attorney's fees; and that this Court makes such other orders as it may deem just and proper in the circumstances.

## COUNT V-
### Retaliatory Discharge in violation of Kansas common law

COMES NOW, the Plaintiff, and for Count V, of her cause of action for retaliatory discharge states:

74. Plaintiff hereby restates and incorporates by reference, every other paragraph set forth in this Complaint as if fully set forth herein.

75. Plaintiff engaged in protected activity by reporting safety issues and other workplace concerns to corporate management outside the facility.

76. Plaintiff reasonably believed that COSTCO was engaging in workplace safety violations that created increased danger for her, her co-workers and customers at COSTCO. A reasonable person would have concluded the same under the circumstances. Plaintiff acted in good faith when she reported the safety and other violations to corporate management and the Ethics Office.

77. Plaintiff's conduct constituted protected activity because the public policy of Kansas, as reflected by its statutes, states:

> The secretary of labor shall have power to enter any factory or mill, workshop, private works, public works or state agency or institution, mercantile establishment, laundry or any other place of business where labor is or is intended to be performed for any purpose, when the same are open or in operation, for the purpose of gathering facts and statistics such as are contemplated by this act, and to examine into the methods of protection from danger to employees and the sanitary conditions in and around such buildings and places and to keep a record thereof of such inspection.
> If it shall be found upon such investigation that the methods of operation are such as to be unnecessarily dangerous or injurious to the persons employed or residing therein, or that any other condition which is within the control of the

owner, proprietor, agent, administrator or lessee of any such building, establishment or place to be found to be dangerous or injurious to any persons employed therein or to any other person or persons, the secretary or the authorized agent of the secretary after making such inspection shall notify in writing the owner, proprietor, agent, administrator or lessee of such building, establishment, or place. Such notification may also include an order that requires the provisions of such safeguards or safety devices or the making of such alterations or additions or changes in methods of operation or the taking of any other measures the secretary may deem appropriate and necessary for the safety and protection of the employees or other persons endangered by such conditions and the amount of time granted by the secretary for making any such alterations, additions, changes or taking such other methods as required. Such amount of time shall not exceed 60 days after service of the notice and the order unless an extension thereof is requested for good cause shown by the person named in the order, and such extension is granted by the secretary. K.S.A. § 44-636(a).

   a. A reasonable person would conclude the conduct of Plaintiff reporting violations (or what he perceives as violations) of K.S.A. § 44-615 falls within her rights under Kansas law.

   b. By regulating safety and protection of employees in the workplace under K.S.A. § 44-636(a), it is reasonable to believe that this statute is designed to protect the health welfare, and safety of the general population in Kansas.

78.   Kansas law also prohibits discharge or discrimination based on reporting such issues and states that is it unlawful for:

any person, firm or corporation to discharge any employee or to discriminate in any way against any employee because of the fact that any such employee may testify as a witness before the secretary of labor, or shall sign any complaint or shall be in any way instrumental in bringing to the attention of the secretary of labor any matter of controversy between employers and employees as provided herein. K.S.A. § 44-615.

79.   Plaintiff's act of reporting safety and other workplace issues caused or motivated COSTCO to terminate her employment.

80.   The termination of her employment caused Plaintiff to suffer damages including emotional distress, frustration, humiliation, past and future lost wages, and lost benefits.

81.     COSTCO acted intentionally, maliciously, willfully, or with a reckless disregard for Plaintiff's rights and the rights of others in firing Plaintiff, making COSTCO liable for punitive damages.

82.     The actions and conduct set forth herein were outrageous and showed evil motive or reckless indifference or conscious disregard for the rights of Plaintiff and others, and therefore Plaintiff is entitled to punitive damages from Defendants, to punish Defendants and to deter Defendants and others from similar conduct.

WHEREFORE, Plaintiff requests a judgment in her favor against COSTCO on Count V of her Complaint, which shall include compensatory and punitive damages, pre-judgment and post judgment interest as provided by law, costs expended, and other relief as this Court deems just, proper and equitable.

## JURY DEMAND

Plaintiff, Mrs. Hunter requests a trial by jury on issues triable by jury.

RESPECTFULLY SUBMITTED,

/s/ *Gerald Gray II*

Gerald Gray II, KS. Bar#26749
**G. GRAY LAW, LLC**
104 W. 9TH STREET, SUITE 401
KANSAS CITY, MO 64105
(O) 816-888-3145
(F) 816-817-4683
ggraylaw@outlook.com
**ATTORNEY FOR PLAINTIFF**

*Clerk of the District Court, Johnson County Kansas*
*03/08/21   10:43pm HS*