## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

KELLY HUNTER,

                  **Plaintiff,**

    **v.**

COSTCO WHOLESALE CORPORATION,

                  **Defendant.**

**Case No. 2:21-cv-02175-HLT-GEB**

## PROTECTIVE ORDER

This matter comes before the court on the parties' Joint Motion for Entry of Protective Order. The parties agree that it will be necessary during discovery to disclose certain confidential information relating to the subject matter of this action. They agree that certain categories of such information should be treated as confidential, protected from disclosure outside this litigation, and used only for purposes of prosecuting or defending this action and any appeals. The parties jointly request entry of a protective order to limit the disclosure, dissemination, and use of certain identified categories of confidential information.

In support of the parties' request, they assert that protection of the identified categories of confidential information is necessary because the parties will be exchanging information and documents containing private personnel, financial, and other confidential information regarding the Plaintiff, the Defendant, and employees of Defendant. More specifically, the parties assert that protection of the identified categories of confidential information is necessary because the Plaintiff alleges claims for discrimination and retaliation and, accordingly, the Plaintiff has requested and is expected to request confidential documents and information regarding the Defendant's business operations and financial condition, which the Defendant considers to be proprietary and/or include trade secrets. In addition, the Plaintiff has requested and is expected to request personnel records,

disciplinary records, medical records, compensation records, and other personal information regarding the Defendant's current and former employees and the Defendant is expected to seek confidential documents and information regarding the Plaintiff's employment with Defendant, the Plaintiff's employment history, medical condition, and private financial information. The Defendant considers its proprietary information, employment records, employee compensation records, trade secrets, business operation information, and financial condition to be confidential, and the Plaintiff considers his personal, financial, medical and compensation information to be confidential.

The parties further state that public disclosure of confidential information and documents would cause embarrassment, annoyance, and oppression. For example, if confidential personnel or financial or business records produced during discovery are not protected and are shared with others who have no need to know the information, it is likely to cause undue embarrassment for the parties and third parties. Furthermore, discovery may involve protected health information, as defined in regulations implementing the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"). See C.F.R. § 160.103. HIPAA requires that such "protected health information" be safeguarded and kept confidential. See, e.g., 45 C.F.R. § 164.500 et seq. The Defendant also would be very reluctant to share proprietary business records if there is no assurance of protection from the public, as it may give others a financial advantage over the Defendant. Similarly, personnel records of the Plaintiff and other current or former employees are not generally made public, and disclosure to the public would cause embarrassment for people who are not even parties to this action. Likewise, public disclosure of tax documents and other private financial information could cause annoyance and embarrassment if made public.

The parties further state that the entry of this protective order will expedite and facilitate discovery by permitting them to provide information and documents without undue expense or concerns regarding the dissemination of such information and documents to the public during the discovery process; conversely, if these types of information and documents are not protected, it will significantly increase the burden and expense of the discovery process and may result in a series of disputes and conflicts that will require the Court's involvement. Accordingly, an order protecting confidential information from public disclosure is appropriate to promote the fair and efficient litigation of this action.

Based on the foregoing, the parties assert, and the Court finds, that good cause exists under Fed. R. Civ. P. 26(c), and the Court grants their motion and enters the following Protective Order:

1.      **Scope.** All documents and materials produced in discovery, including initial disclosures, responses to discovery requests, all deposition testimony and exhibits, and information derived directly therefrom (hereinafter, collectively, "documents"), are subject to this Order concerning Confidential Information as set forth below. As there is a presumption in favor of open and public judicial proceedings in the federal courts, this Order will be strictly construed in favor of public disclosure and open proceedings wherever possible.

2.      **Definition of Confidential Information.** As used in this Order, "Confidential Information" is defined as information that the producing party designates in good faith has been previously maintained in a confidential manner and should be protected from disclosure and use outside the litigation because its disclosure and use are restricted by statute or could potentially cause harm to the interests of the parties or nonparties. The parties will limit their designation of "Confidential Information" to the following categories of information or documents:

(a) Medical records;

(b) Personnel files, disciplinary records, complaints, investigation records and reports, and other employment records;

(c) Tax documents and other confidential financial information;

(d) Proprietary business records; and

(e) Communications about the above categories ((a) through (d)).

Information or documents that are available to the public may not be designated as Confidential Information.

3.      **Form and Timing of Designation.** The producing party may designate documents as containing Confidential Information and therefore subject to protection under this Order by marking or placing the word "CONFIDENTIAL" (hereinafter, "the marking") on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries, or descriptions that contain the Confidential Information. The marking will be applied prior to or at the time the documents are produced or disclosed. Applying the marking to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Copies that are made of any designated documents must also bear the marking, except that indices, electronic databases, or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked. By marking a designated document as confidential, the designating attorney or party appearing pro se thereby certifies that the document contains Confidential Information as defined in this Order.

4.      **Inadvertent Failure to Designate.** Inadvertent failure to designate any document or material as containing Confidential Information will not constitute a waiver of an otherwise

valid claim of confidentiality pursuant to this Order, so long as a claim of confidentiality is asserted within ten days after discovery of the inadvertent failure.

       **5.**       **Depositions.** Deposition testimony will be deemed confidential only if designated as such when the deposition is taken or within a reasonable time after receipt of the deposition transcript. Such designation must be specific as to the portions of the transcript and/or any exhibits to be protected.

       **6.**       **Protection of Confidential Material.**

       **(a)**       **General Protections.** Designated Confidential Information must be used or disclosed solely for purposes of prosecuting or defending this lawsuit, including any appeals.

       **(b)**       **Who May View Designated Confidential Information**. Except with the prior written consent of the designating party or prior order of the court, designated Confidential Information may only be disclosed to the following persons:

(1)       The parties to this litigation, including any employees, agents, and representatives of the parties;

(2)       Counsel for the parties and employees and agents of counsel;

(3)       The court and court personnel, including any special master appointed by the court, and members of the jury;

(4)       Court reporters, recorders, and videographers engaged for depositions;

(5)       Any mediator appointed by the court or jointly selected by the parties;

(6)       Any expert witness, outside consultant, or investigator retained specifically in connection with this litigation, but only after such persons have completed the certification contained in Attachment A, Acknowledgment and Agreement to be Bound;

(7)       Any potential, anticipated, or actual fact witness and his or her counsel, but only to the extent such confidential documents or information will assist the witness in recalling, relating, or explaining facts or in testifying, and only after such persons have completed the certification contained in Attachment A;

(8)       The author or recipient of the document (not including a person who received the document in the course of the litigation); and

(9)     Independent providers of document reproduction, electronic discovery, or other litigation services retained or employed specifically in connection with this litigation.

**(c)     Control of Documents.** The parties must take reasonable efforts to prevent unauthorized or inadvertent disclosure of documents designated as containing Confidential Information. Counsel must maintain a record of those persons, including employees of counsel, who have reviewed or been given access to the documents, along with the originals of the forms signed by those persons acknowledging their obligations under this Order.

**7.     Filing of Confidential Information**. Before filing any document containing Confidential Information, or in advance of any hearing or trial in which any information or document that has been designated as Confidential is offered, the parties shall engage in a good faith discussion to eliminate or limit the need for submitting such information or documents under seal. If a party seeks to file any document containing Confidential Information, that party must take appropriate action to ensure that the document receives proper protection from public disclosure, such as: (a) filing a redacted document with the consent of the party who designated the document as confidential; or (b) seeking permission to file the document under seal by filing a motion for leave to file under seal in accordance with D. Kan. Rule 5.4.6. Nothing in this Order will be construed as a prior directive to allow any document to be filed under seal. The mere designation of information as confidential pursuant to this Order is insufficient to satisfy the court's requirements for filing under seal in light of the public's qualified right of access to court dockets. The parties understand that the requested documents may be filed under seal only with the permission of the court after proper motion. If the motion is granted and the requesting party permitted to file the requested documents under seal, only counsel of record and unrepresented parties will have access to the sealed documents. *Pro hac vice* attorneys must obtain sealed documents from local counsel.

**8.** **Challenges to a Confidential Designation.** Any party may challenge the designation of any material or document as Confidential Information. Before filing any motion or objection to a confidential designation, the objecting party must meet and confer in good faith to resolve the objection informally without judicial intervention. A party that elects to challenge a confidentiality designation may file a motion that identifies the challenged material and sets forth in detail the basis for the challenge. The burden of proving the necessity of a confidentiality designation remains with the party asserting confidentiality. Until the court rules on the challenge, all parties must continue to treat the materials as Confidential Information.

**9.** **Use of Confidential Documents or Information at Trial or Hearing.** Nothing in this Order will be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or anticipates that another party may present Confidential Information at a hearing or trial must bring that issue to the attention of the court and the other parties without disclosing the Confidential Information. The court may thereafter make such orders as are necessary to govern the use of such documents or information at the hearing or trial.

**10.** **Obligations on Conclusion of Litigation.**

**(a)** **Order Remains in Effect.** Unless otherwise agreed or ordered, all provisions of this Order will remain in effect and continue to be binding after conclusion of the litigation.

**(b)** **Return of Confidential Documents.** Within ten days after this litigation concludes by settlement, final judgment, or final order, including all appeals, and upon written request of a party, all documents designated as containing Confidential Information, including copies as defined above, must be returned to the party who previously produced the document unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction of the document to the extent practicable in lieu of return; or (3) as to

documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so. Provided, however, that counsel for the parties may retain a copy of any documents received in the course of this litigation, as well as any deposition exhibits and transcripts.

11.　**Order Subject to Modification.** This Order may be modified by the court on its own motion or on motion of any party or any other person with standing concerning the subject matter. The Order must not, however, be modified until the parties have been given notice and an opportunity to be heard on the proposed modification.

12.　**Enforcement of Protective Order.** Even after the final disposition of this case, a party or any other person with standing concerning the subject matter may file a motion to seek leave to reopen the case to enforce or modify the provisions of this Order.

13.　**No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing in this Order will be construed or presented as a judicial determination that any document or material designated as Confidential Information by counsel or the parties is entitled to protection under Fed. R. Civ. P. 26(c) or otherwise until such time as the court may rule on a specific document or issue.

14.　**Persons Bound by Protective Order.** This Order will take effect when entered and is binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

15.　**Applicability to Parties Later Joined.** If additional persons or entities become parties to this lawsuit, they must not be given access to any Confidential Information until they execute and file their written agreement to be bound by the provisions of this Order.

**16.  Protections Extended to Third-Party's Confidential Information.** The parties

agree to extend the provisions of this Protective Order to Confidential Information produced in

this case by third parties, if timely requested by the third party.

**17.  Confidential Information Subpoenaed or Ordered Produced in Other

Litigation.** If a receiving party is served with a subpoena or an order issued in other litigation that

would compel disclosure of any material or document designated in this action as Confidential

Information, the receiving party must so notify the designating party, in writing, immediately and

in no event more than three business days after receiving the subpoena or order. Such notification

must include a copy of the subpoena or court order.

The receiving party also must immediately inform in writing the party who caused the

subpoena or order to issue in the other litigation that some or all of the material covered by the

subpoena or order is the subject of this Order, and deliver a copy of this Order promptly to the

party in the other action that caused the subpoena to issue.

The purpose of imposing these duties is to alert the interested persons to the existence of

this Order and to afford the designating party in this case an opportunity to try to protect its

Confidential Information in the court from which the subpoena or order issued. The designating

party bears the burden and the expense of seeking protection in that court of its Confidential

Information, and nothing in these provisions should be construed as authorizing or encouraging a

receiving party in this action to disobey a lawful directive from another court. The obligations set

forth in this paragraph remain in effect while the party has in its possession, custody, or control

Confidential Information designated by the other party to this case.

**18.  Disclosure of Confidential Information Covered by Attorney-Client Privilege

or Work Product.** Whether inadvertent or otherwise, the disclosure or production of any

information or document that is subject to an objection on the basis of attorney-client privilege or work-product protection will not be deemed to waive a party's claim to its privileged or protected nature or estop the privilege holder from designating the information or document as attorney-client privileged or subject to the work-product doctrine at a later date. Any party receiving any such information or document must return it upon request to the producing party. Upon receiving such a request as to specific information or documents, the receiving party must return the information or documents to the producing party within five days, regardless of whether the receiving party agrees with the claim of privilege and/or work-product protection. Disclosure of the information or document by the other party prior to such later designation will not be deemed a violation of the provisions of this Order. Although the provisions of this section constitute an order pursuant to Rule 502(d) and (e) of the Federal Rules of Evidence, and will be construed in a manner consistent with the maximum protection provided by said rule, nothing in this Order is intended or will be construed to limit a party's right to conduct a review of documents, including electronically-stored information, for relevance, responsiveness, or segregation of privileged or protected information before production.

IT IS SO ORDERED.

Dated:  July 16, 2021

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge

## ATTACHMENT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that he/she has read the Protective Order dated July 16, 2021 in the case captioned, *Kelly Hunter v. Costco Wholesale Corporation*, and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the District of Kansas in matters relating to this Protective Order and understands that the terms of the Protective Order obligate him/her to use materials designated as Confidential Information in accordance with the order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm, or concern, except in accordance with the provisions of the Protective Order.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

Date: _____   _____
                              Signature